IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                         Case No. 11-CR-220
     v.                                 Judge Gregory L. Frost

BENJAMIN W. RICHARDSON,

      Defendant.

# OPINION AND ORDER

This matter came on for consideration upon Defendant's Motion for Severance of Count Eight (ECF No. 50), Defendant's Motion *In Limine* Relating to "Other Acts" Evidence (ECF No. 51), the Government's Consolidated Reply (ECF No. 56), Defendant's Reply in Support of Defendant's Motion *In Limine* (ECF No. 57), Defendant's Reply and [*sic*] Support of Defendant's Motion for Severance of Count Eight in the Indictment (ECF No. 58), the Government's Sur-Reply to Defendant's Motion *In Limine* (ECF No. 59), and Defendant's Supplemental Memorandum (ECF No. 60).

On September 8, 2011 Defendant was indicted on one count of Wire Fraud Conspiracy (Count 1) in violation of 18 U.S.C. § 1349, four counts of Wire Fraud (Counts 2, 3, 4, and 5) in violation of 18 U.S.C. § 1343 and § 2, one count of False Statements in Bankruptcy (Count 6) in violation of 18 U.S.C. § 152(3), one count of False Oaths in Bankruptcy (Count 7) in violation of 18 U.S.C. § 152(2), and one count of Witness Tampering (Count 8) in violation of 18 U.S.C. § 1512(b)(3).

Defendant argues that Count Eight should be severed from the other seven charges and a

1

separate trial conducted as to Count Eight. Defendant claims that his constitutional right to a fair trial will be compromised because the allegations in Count Eight will require the introduction of alleged drug activity involving Defendant which has nothing to do with the other seven counts of the indictment. Defendant contends that such evidence would prejudice Defendant. The Government maintains that the Witness Tampering charge alleged in Count Eight is factually intertwined with the allegations in the other seven counts and a severance would require the Government to try the same case twice. The Government intends to introduce evidence that Defendant's scheme in Counts One through Seven is the same scheme that will be presented in Count Eight. It is appropriate to join all counts for trial, the Government reasons, because the scheme to enrich and benefit Defendant is the same in each count. The Government maintains that the Count Eight charge of Witness Tampering is based on Defendant's attempts to keep his double life hidden which relates to the other seven counts.

In his Motion *in Limine* Relating to "Other Acts" Evidence, Defendant requests that this Court preclude the introduction of evidence relating to:

1. Accusations of domestic violence against Defendant by his wife, Dawn Richardson fka Dawn Hux, and the civil protection order sought by Mrs. Richardson in Delaware County Common Pleas Court, along with the resulting consent agreement between Defendant and Mrs. Richardson.
2. Evidence relating to alleged drug activity at the Icon Lounge, including accusations against one of the owners of the Icon Lounge, namely Mr. Bobby Ferguson.
3. Any evidence or information relating to the drug activity of witness Larry Marcus Stewart, including any evidence or suggestion that Larry Marcus Stewart was kidnaped by a Mexican drug cartel.
4. Evidence of alleged communications between Defendant and Larry Marcus Stewart in the context of Mr. Stewart's alleged drug activity, including but not limited to communications between

         Defendant and Mr. Stewart arising out of a traffic stop that occurred on or about December 18, 2008, and communications between Defendant and Mr. Stewart arising out of another traffic stop of Mr. Stewart by law enforcement on or about September 9, 2009, along with the accusation that Defendant had over 400 communications with Larry Marcus Stewart between November of 2008 and September of 2009.
5. The evidence of the alleged steroids seized as a result of the execution of a search warrant on Defendant's home.
6. Any other testimony or evidence relating to alleged drug activity by Defendant.

Defendant complains that evidence of a pattern of domestic abuse and violence as well as evidence of participation in drug activity or drug conspiracy is inadmissible pursuant to Fed. R. Evid. 404(b) because Defendant has not been charged with assaultive conduct towards his wife and has not been charged with any illicit drug activity. The Government concedes that the evidence of domestic violence is not relevant in the presentation of its case-in-chief but reserves the right to present such evidence for impeachment or other purposes. Regarding evidence of drug activity, seized steroids, the Icon Lounge, Defendant's association with Bobby Ferguson or Larry Marcus Stewart and communications with those individuals, the Government asserts that the evidence relates to the basic allegations that Defendant over-reported or under-reported his income, the sources of income, and Defendant's motives surrounding the activities alleged in all eight counts.

## I. Motion for Severance Analysis

Fed R. Crim. P. 14(a) provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials on counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a) must be read in conjunction with the provisions of Fed. R. Crim. P. 8(a) which outlines when separate counts may be charged in the same indictment. Fed. R. Crim. P. 8(a) states:

> (a) Joinder of Offenses. The indictment or information may charge a defendant is separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Defendant does not claim embarrassment or confusion in presenting separate defenses. Moreover, Defendant does not argue that Defendant may want to testify in his own behalf on one or some of the offenses charged but not on another. Rather, Defendant's argument centers on what has been referred to by some courts as "evidentiary spillover." Defendant claims prejudice because, as he alleges, evidentiary spillover through which proof of one offense, in this case evidence relating to the allegations in Count Eight, may be used to convict a defendant of other counts even though such proof would be inadmissible in a second trial on the other seven counts. *United States v. Richardson*, 515 F, 3d 74, 81 (1st Cir. 2008) (quoting from *United States v. Jordan*, 112 F.3d 14, 17 (1st Cir. 1997). In order to obtain severance, Defendant has the burden of making a strong showing of prejudice. To prevail on this evidentiary spillover claim, Defendant must prove prejudice "so pervasive that a miscarriage of justice looms." *United States v. Trainor*, 477 F.3d 24, 37 (1st Cir. 2007).

First, evidence surrounding the activities alleged in Count Eight appear to be admissible, at least in part, to prove intent, motive, and possibly concealment in the trial of Counts One through Seven. The alleged conduct in Count Eight may also be admissible in the trial on the other counts to show the scope of the alleged scheme.

4

Second, the Government has provided this Court with a convincing scenario that indicates to this Court that the offenses charged are all intertwined and part of a common scheme or plan. The Government argues that the trial of all eight counts involves common witnesses who will testify about a common scheme or plan and that Count Eight involves the alleged tampering with a witness to hinder, delay, or prevent the communication by that witness relating to the commission of mortgage fraud and bankruptcy fraud which form the basis of Counts One through Seven.

Defendant's conclusory assertion that a jury could infer criminal conduct from one count to the other counts falls far short of showing the kind of pervasive prejudice needed to sever counts due to evidentiary spillover.

Based upon this factual predicate, the Court finds Defendant's Motion to Sever to be not well taken and the Court **DENIES** the same. This Court intends to give cautionary instructions to minimize any possible prejudice, instructing the jury to consider separately the evidence relating to each charge and cautioning the jury not to let their decision on one charge influence their decision and any other charge.

## II. Motion *in Limine* Analysis

Defendant complains that testimony and evidence involving six specified "other acts" must be excluded from trial as a result of the application of Fed. R. Evid. 401, 403, and 404(b).

Fed. E. Evid. 401 operates to exclude evidence that is irrelevant. The rule provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 403 codifies the longstanding authority of a trial judge to exclude relevant

5

evidence where the probative value of the offered evidence is outweighed by one or more of certain identified countervailing considerations. Rule 403 reads as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Finally, Defendant relies on Fed. R. Evid. 404(b) for an *in limine* ruling that the six categories of evidence or testimony should be excluded. The Rule 404(b) exclusion states:

> (B) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Based upon the briefing filed, this Court finds that evidence of domestic violence, a civil protection order, and a consent agreement between Defendant and his now ex-wife has no relevance to the issues in this case and preliminarily finds that evidence to be inadmissable at trial. The Government agrees that the evidence is not admissible in its case-in-chief. And this Court agrees that such evidence may be admissible for impeachment purposes but the Court cannot opine on when or if impeachment evidence may be used until the trial. This finding of inadmissibility is not based upon a Fed. R. Evid. 404(b) analysis but rather based simply on relevance as required by Fed. R. Evid. 401.

Defendant also requests a preliminary ruling regarding Defendant's possession of steroid drugs which were recovered by law enforcement officers during a 2010 search of Defendant's home. Defendant argues that this evidence has absolutely no probative value in this case. The

Government's argument is obtuse, at best. The Government's Response Memorandum states:

> Illegal steroids were found in Richardson's possession during a 2010 search of his home. The federal violation of misdemeanor possession of such steroids has not been charged in this felony case. However, the illegal possession and use of such drugs are relevant since his former position as a law enforcement officer precluded the possession or use of such drugs. Richardson kept the fact that he was purchasing, possessing and using illegal steroids from his employer, the Ohio State Highway Patrol, just as he kept quiet the fact that the [*sic*] owned, ran and profited from the Icon Lounge as a form of prohibited outside employment. Proof of Richardson's income from the Icon Lounge is highly significant to all the allegations in this case. The Government anticipates that "intent" will be vigorously litigated by both sides throughout this case. The administrative violations of possession of steroids and ties to the Icon Lounge each had serious administrative consequences for Richardson, are relevant and probative, and therefore should not be precluded.

The Court recognizes that there is a three-step analysis that is required to undertake when analyzing the admission of evidence under Fed. R. Evid. 404(b). *United States v. Jenkins*, 345 F. 3d 928 (6th Cir. 2003). The Court must decide whether there is sufficient evidence that the other bad act occurred. There is sufficient evidence to find that Defendant illegally possessed steroids. The Court must then decide whether evidence of the other act is probative of a material issue other than character. This Court fails to discern what illegal possession of steroids has to do with any of the eight counts charged. The Government's argument fails to enlighten the Court. Rather, the Government's position convinces the Court that it wants to introduce the steroid possession evidence for exactly the wrong reason - to prove that Defendant violated the law when he possessed the steroids and therefore he must have violated the law in other respects. Having found that the Government has not met the requirements of the second step of the analysis, the Court need not decide the third step as to whether the probative value is substantially outweighed by its potential prejudicial effect.

Finally, the remaining four categories of evidence does not implicate Fed. R. Evid.

404(b). Instead evidence of illegal drug activity, operation of the Icon Lounge, and Defendant's association with Bobby Ferguson and Larry Marcus Stewart apparently relate directly to income received, income under-reported, income over-reported, and a concealment of identity that are interrelated to the eight crimes charged. The Sixth Circuit has held in *United States v. Henderson*, 626 F. 3d 326, 338 (6th Cir. 2010) that "Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of criminal activity." *United States v. Gonzalez*, 501 F. 3d 630 (6th Cir. 2007) (quoting *United States v. Barnes*, 49 F. 3d 1144, 1149 (6th Cir. 1995)).

But, even assuming that the evidence at issue is not intrinsic to or intertwined with the crimes charged, the proposed evidence also meets the Rule 404(b) three-step analysis. At this juncture, it appears that there is sufficient evidence that the acts occurred. Evidence of the other acts are probative of material issues other than character. From the arguments presented by counsel this Court concludes that at least intent, knowledge, and identity will be at issue in this trial. The evidence Defendant seeks to exclude involving the remaining four categories all speak to those issues. Finally, the Court does not find that the probative value of the evidence is substantially outweighed by the potential prejudicial effect.

The Court will provide a limiting instruction at trial that restrict's the jury's consideration to the proper basis for admission. The instruction will caution the jury that the extrinsic act or acts may not be considered as a basis for an inference that Defendant acted in conformity with that conduct but rather the evidence was introduced only for proof of one of the identified reasons in the rule.

As with all *in limine* decisions, these rulings are subject to modification should the facts

or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

### III. Conclusion

The Court finds Defendant's Motion to Sever to be not well taken and **DENIES** the same. The Court **GRANTS, IN PART, and DENIES, IN PART** Defendant's Motion *in Limine*.

**IT IS SO ORDERED.**

    /s/ **Gregory L. Frost**
Gregory L. Frost
United States District Judge